46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Narcizo Ernest REAZA, Defendant-Appellant.
 No. CA 94-50073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 12, 1995.
Decided: Jan. 30, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges and KING, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Narcizo Ernest Reaza, a former Los Angeles County Sheriff's Department Deputy, appeals his conviction of various tax and bank fraud offenses. He challenges the district court's denial of his motion to suppress statements he made during a number of interviews with Los Angeles County Sheriff's Department officers. He also contends that the district court should have held a Kastigar hearing, and also that it should have dismissed the indictment. We affirm the judgment of the district court.
 
 II.
 
 4
 We uphold the district court's finding that the interviews in which Reaza participated were not part of an administrative investigation, and that therefore California's Public Safety Officer's Procedural Bill of Rights Act, Cal. Gov't Code Sec. 3300, et seq. (West 1994) ("Act"), is inapplicable to the interviews. The district court found that Reaza knew that he was the subject of a criminal investigation, and Reaza did not produce evidence to the contrary. We also agree with the district court that, even if the interviews were to be considered part of an administrative investigation in that information obtained through the interviews led to Reaza's relief from his duties, the appropriate remedy for a violation of the Act would not be suppression of statements made during the interviews. See Williams v. City of Los Angeles, 763 P.2d 480, 484 (Cal. 1988) (in bank) (where failure to read warnings only results in a violation of the Act, precluding use of statements for other purposes is not necessarily the appropriate remedy). Therefore, we uphold the district court's determination that the Act does not forbid the use of statements Reaza made during the interviews in a criminal prosecution against him.
 
 III.
 
 5
 We also agree with the district court's holding that Reaza was not "compelled" to be a witness against himself for purposes of the Fifth Amendment. The district court found that Reaza was not threatened with loss of his job or any job-related sanction for refusal to participate in the interviews, nor was he in custody during the interviews.
 
 
 6
 The district court also found that Reaza was not relieved of his duties in retaliation for refusing to participate in the interviews. Instead, it found that Reaza was relieved of his duties because, through the interviews, his superiors learned that he had engaged in tax evasion and structuring, and had associated with a known bookmaker. These findings of the district court were not clearly erroneous. The record indicates that Reaza voluntarily participated in the interviews that uncovered this information, and that he was not informed that he was relieved of his duties until after he decided not to cooperate in his final interview. Therefore, although Reaza was relieved of his duties after he refused to cooperate in his final interview, there is no evidence that Reaza participated in the interviews because he feared that he would lose his job or be disciplined for refusal to cooperate. Because Reaza was not compelled to incriminate himself by participating in the interviews, the Fifth Amendment does not prohibit use of statements Reaza made in a criminal prosecution against him.
 
 IV.
 
 7
 Reaza's final argument is that the government did not meet its burden under Kastigar v. United States, 406 U.S. 441, 460 (1972), of proving that the evidence it proposed to use in its criminal prosecution of Reaza was derived from sources wholly independent of compelled testimony. We have upheld, however, the district court's determination that Reaza's testimony was not compelled. Therefore, Kastigar is irrelevant to Reaza's case.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3